# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 20, 2013

Lyle W. Cayce
Clerk

No. 12-50974
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUMBERTO MARTIN SILVA FIGUEROA, also known as Yubani Heriberto
Acevedo Ramos, also known as Martin Silva, also known as Martin Silva-
Figueroa,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1078-1

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Humberto Martin Silva Figueroa (Silva) appeals the 41-month
within-guidelines sentences he received following his guilty plea to illegal
reentry and falsely personating another in immigration matters. Silva argues
that his sentences are greater than necessary to meet the sentencing goals of 18
U.S.C. § 3553(a). He specifically contends that the guidelines sentencing range

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was too severe because the district court failed to consider that his reentry offense was at bottom a mere trespass and did not consider his benign motive for returning. Additionally, Silva contends that his sentences are not entitled to a presumption of correctness because the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based, given that it double-counts a defendant's criminal history.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). As he concedes, Silva's empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). We have rejected the argument that a guidelines sentence under § 2L1.2 is unreasonable because illegal reentry is a mere trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Furthermore, Silva's sentences, which are at the bottom of the applicable guidelines range, are presumed reasonable. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). His general disagreement with the propriety of his sentences and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d at 554, 565-66 (5th Cir. 2008).

Silva has not demonstrated that the district court abused its discretion by sentencing him to within-guidelines sentences of 41 months in prison. *See Gall*, 552 U.S. at 51. Consequently, the judgment of the district court is AFFIRMED.